UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                     :

YEHUDA MILCHAMOT,             :

                             :

               Petitioner,         :

                             :

        -v-                        :                25 Civ. 1157 (JPC)

                             :

CHIEF BRONX DISTRICT ATTORNEY,    :                   ORDER

                           :

              Respondent.      :

                           :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Petitioner Yehuda Milchamot, who is currently held in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, and who appears *pro se*, filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.  Milchamot challenges his pretrial custody while he is being criminally prosecuted in the New York Supreme Court, Bronx County.  For the following reasons, the Court construes Milchamot's petition as seeking *habeas corpus* relief under 28 U.S.C. § 2241, not Section 2254, and denies the petition without prejudice.

## I. Background

      Milchamot filed the instant petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Dkt. 1.  He filed that petition while in the custody of the New York City Department of Correction ("NYCDOC") and detained at the OBCC.[1]  It appears that, at the time of filing, Milchamot was held in that facility while being prosecuted in the New York Supreme Court, Bronx County, and that he remains in that facility with his state-court criminal proceedings still pending.

---

[1] Milchamot asserts that, on February 1, 2025, he placed the present petition in his jail's mail system for delivery to the Court. Dkt. 1 at 15.  The Court received the petition six days later, on February 7, 2025.

*Id.* at 1-2, 5, 9, 13-15.[2]  Milchamot seeks release pending the outcome of those state-court criminal proceedings, explaining that he "just wants to be released [while] awaiting trial" and would be willing to accept an "ankle bracelet, house arrest or any other release conditions."  *Id.* at 15.[3]

## II. Legal Standard

A federal court may entertain a petition for a writ of *habeas corpus* alleging that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  In reviewing such a petition, the court may "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the [petition] that the [petitioner] or person detained is not entitled [to such relief]."  *Id.* § 2243. When the petitioner is proceeding *pro se*, the court construes his submissions liberally and interprets them "to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

---

[2] According to the "inmate lookup" feature on the NYCDOC website, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf, Milchamot was arrested on October 11, 2024, and, as of the date of this Order, he remains in the OBCC, in NYCDOC custody, while his Bronx County state-court criminal proceedings continue.

[3] In addition to filing an application to proceed *in forma pauperis* ("IFP"), Dkt. 4, which this Court granted, Dkt. 6, Milchamot filed an "affidavit accompanying motion for permission to appeal" IFP, Dkt. 5.  Attached to that submission seems to be a demand for Milchamot's release and damages.  *See id.* at 8-9.  Because the demand for damages is not included in the petition itself, the Court will not address it in this Order; this is without prejudice to Milchamot's asserting claims for damages in a separate civil action.

### III.  Discussion

A.    *Habeas Corpus* **Relief**

As noted, Milchamot's petition purports to seek *habeas corpus* relief under Section 2254. Section 2254, however, only authorizes federal courts to entertain *habeas corpus* petitions "in behalf of a person in custody *pursuant to the judgment of a State court*."  28 U.S.C. § 2254(a) (emphasis added). It appears that, since the time he filed his petition, Milchamot has been held as a pretrial detainee with pending state-court criminal proceedings.  The appropriate vehicle to challenge his pretrial custody, therefore, is a petition for a writ of *habeas corpus* under Section 2241, not Section 2254.  *See Milchamot v. Chief, Bronx Dist. Att'y*, No. 24 Civ. 9295 (LTS), 2025 WL 436678, at *2 (S.D.N.Y. Jan. 13, 2025) ("The Court denies Petitioner's Section 2254 petition because Section 2254 does not apply in cases where a defendant has not been convicted."). Accordingly, the Court construes Milchamot's petition as being brought under Section 2241 instead.

A petitioner must first exhaust available state-court remedies before seeking Section 2241 *habeas corpus* relief in a federal court.  *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").  Yet Milchamot alleges no facts showing that he has exhausted his available state-court remedies before seeking a federal writ of *habeas corpus*.  The Court therefore denies Milchamot's petition, construed under Section 2241, without prejudice.[4]  *See Nazer v. Warden at Rikers Island*, No. 24

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate

Civ. 5226 (LTS), 2024 WL 4109081, at *3 (S.D.N.Y. Aug. 26, 2024) ("Because Petitioner does not allege facts showing that he has exhausted his state court remedies or allege facts suggesting that exhaustion should be excused, the Court denies this petition without prejudice.").

**B.    Leave to Amend**

District courts should generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).  A district court, however, also "has broad discretion in determining whether to grant leave to amend."  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).  And leave to amend may properly be denied "in cases of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Vora v. N.Y.C. Dep't of Educ.*, No. 22 Civ. 10891 (PGG), 2024 WL 1116312, at *14 (S.D.N.Y. Mar. 14, 2024) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).

The present action is not the first time that Milchamot has attempted to challenge, via a Section 2254 petition, his pretrial confinement while his state-court criminal proceedings are pending.  Milchamot previously brought a similar but unsuccessful *habeas corpus* action in which the judge informed him—before he filed the present petition—that a Section 2241 petition, and

---

Court of Appeals before filing a second or successive *habeas corpus* petition.  28 U.S.C. § 2244(b)(3)(A).  A *habeas corpus* petition is "second or successive" if a previously filed related *habeas corpus* petition was decided on the merits.  *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002).  Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a Section 2241 petition.  *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).  Here, however, giving Milchamot notice and granting him an opportunity to withdraw is unnecessary because denial without prejudice does not trigger the AEDPA's restrictions on second or successive petitions.  *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

not a Section 2254 petition, is the proper vehicle to challenge his pretrial confinement, and only after he has exhausted his available state-court remedies. *See Milchamot*, 2025 WL 436678, at *2-3; *see also Milchamot v. Judge Miller*, 18 Civ. 6533 (LLS), Dkt. 16 at 3-5 (S.D.N.Y. Feb. 27, 2019) (informing Milchamot that a Section 2241 petition is the proper vehicle to challenge pretrial custody and that such a petition requires exhaustion of available state-court remedies).

Milchamot was therefore on notice prior to filing the instant petition that Section 2254 is not the proper vehicle to challenge his pretrial detention and proceeding under Section 2241 requires exhaustion of state remedies. Yet he failed to make any effort to conform his petition to those requirements. Accordingly, the Court concludes that leave to amend is not warranted.

## C.    Warning

As discussed above, Milchamot was or should have been aware, when he commenced this action, that a Section 2241 petition is the proper vehicle to challenge his pretrial detention, and only after he exhausts his available state-court remedies. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Milchamot that further vexatious, frivolous, or otherwise nonmeritorious *habeas corpus* litigation may result in an order barring him from filing any future *habeas corpus* action in the U.S. District Court for the Southern District of New York challenging his pretrial detention unless he receives prior permission from the Court. *See* 28 U.S.C. § 1651.

The Court is also troubled by Milchamot's conduct in this litigation, specifically the references in his petition to the judge of this District who presided over his prior *habeas corpus* case. *See* Dkt. 1 at 15. Including such commentary in a pleading presented to the Court is an abuse of the judicial process and is entirely irrelevant to the issues raised in the petition. It is

counterproductive.  And it is disturbing.  Milchamot is therefore sternly warned that directing further language of that nature towards the judges of this District in his filings may result in sanctions being imposed against him.

### IV.  Conclusion

For these reasons, the Court construes Milchamot's petition as seeking *habeas corpus* relief under 28 U.S.C. § 2241 and denies the petition without prejudice.  Because the present petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.  The Court further certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.[5]  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to a enter a judgment terminating this action and denying a certificate of appealability for the reasons set forth in this Order.

SO ORDERED.

Dated: March 31, 2025
      New York, New York

JOHN P. CRONAN
United States District Judge

---

[5] Accordingly, the Court denies any application from Milchamot seeking IFP status on appeal.  *See* Dkt. 5.