UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                    :
YEHUDA MILCHAMOT,                                              :
                                    :
                        Petitioner,                 :
                                    :
             -v-                                :
                                    :        25 Civ. 1157 (JPC)
CHIEF BRONX DISTRICT ATTORNEY,        :
                                    :        <u>ORDER</u>
                      Respondent.                :
                                    :
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        Through a letter dated April 10, 2025, Petitioner Yehuda Milchamot moves for reconsideration of the Court's Order of March 31, 2025, denying without prejudice his Petition for a writ of *habeas corpus*. Dkts. 9 ("Order"), 13 ("Motion"). For the following reasons, Milchamot's Motion is denied.

## Discussion

        The Court liberally construes Milchamot's Motion as a motion to alter or amend a judgment and for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, and as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that "[t]he solicitude afforded to *pro se* litigants takes a variety of forms," including the "liberal construction of . . . motion papers" and "leniency in the enforcement of . . . procedural rules").

A.    **Motion to Alter or Amend a Judgment and for Reconsideration**

        Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and motions for reconsideration under Local Civil Rule 6.3 are subject to the same standard. *Cohen v.*

*Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023); *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009).  Under that standard, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); *see Cohen*, 2023 WL 3412762, at *1 (explaining that a movant "must demonstrate that the Court overlooked controlling law or factual matters that had been previously put before it" to obtain reconsideration (internal quotation marks omitted)).  The standard for reconsideration, however, "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

In its March 31, 2025 Order, the Court denied Milchamot's Petition without prejudice, holding that Milchamot (as a pretrial detainee) improperly brought the Petition under 28 U.S.C. § 2254 and that he had not exhausted his available state-court remedies for purposes of 28 U.S.C. § 2241.  Order at 3-4.  Milchamot's Motion, however, does not identify any pertinent (let alone controlling) legal authority or relevant factual matters that the Court overlooked in its prior Order, or any relevant intervening change in controlling law.  Nor does the Motion otherwise demonstrate that reconsideration is necessary to correct a clear error or prevent manifest injustice.  Instead, Milchamot broadly suggests that his detention is unlawful under New York Criminal Procedure Law Section 30.30, which protects a right to a speedy trial under state law.  Motion at 1.  But that argument has no bearing on the Court's conclusion that Section 2254 was not the correct vehicle for Milchamot's Petition or that he failed to exhaust his state-court remedies for purposes of

2

Section 2241.  Accordingly, Milchamot has failed to identify a basis for reconsideration of the Court's prior Order under Federal Rule of Civil Procedure 59(e) or Local Civil Rule 6.3.

**B.      Motion for Relief from a Judgment or Order**

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion seeking relief under Rule 60(b)(6) "must be based upon some reason other than those stated in clauses (1)-(5)," *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175-76 (2d Cir. 2009) (internal quotation marks omitted), and requires a showing of "extraordinary circumstances" warranting relief, *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002).

Liberally construed, Milchamot's Motion does not demonstrate any basis for relief under Rule 60(b)(1)-(5).  Nor does the Motion show that extraordinary circumstances exist justifying relief under Rule 60(b)(6).  Accordingly, Milchamot's Motion is denied to the extent that it seeks relief under Rule 60(b).

## Conclusion

For these reasons, the Court denies Milchamot's Motion.  The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to close Docket Number 13.

SO ORDERED.

Dated: May 5, 2025
       New York, New York

                                                    JOHN P. CRONAN
                                          United States District Judge